IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CAREFUSION 2200, INC.,

        **Plaintiff,**

   **vs.**                        **Case No. 2:15-MC-16**
                                    **Judge Sargus**
                                    **Magistrate Judge King**

ENTROTECH LIFE SCIENCE, INC.,

        **Defendant.**

## OPINION AND ORDER

This action arises out of a trademark opposition proceeding before the Trademark Trial and Appeal Board ("TTAB"), in which CareFusion 2200, Inc., is opposing Entrotech Life Sciences, Inc.'s applications to register trademarks for antimicrobial surgical drapes and dressings.  A subpoena was issued by plaintiff's counsel on March 4, 2015, to John S. Foor, M.D., commanding Dr. Foor to appear for a deposition on March 19, 2015, at 10:00 a.m.  ECF 1-1.  Dr. Foor filed this action on March 11, 2015, to quash the subpoena.  *Dr. John S. Foor, M.D.'s Motion to Quash or, in the Alternative, to Modify the Subpoena Issued by Carefusion 2200, Inc.* ("*Motion to Quash*"), ECF 1. In his motion, Dr. Foor argued that the subpoena was unduly burdensome, sought duplicative testimony, and was procedurally deficient under 35 U.S.C. § 24, because plaintiff never applied to the Clerk of Court to have the subpoena issued.  Plaintiff does not contest that its March 4, 2015 subpoena was improperly issued and it did not file a response to the *Motion to Quash*.

On March 17, 2015, a subpoena was issued by the Clerk of this Court at plaintiff's behest to John S. Foor, M.D., commanding Dr. Foor

to appear for a deposition on March 23, 2015 at 9:00 a.m., "or date
ordered by Court."  ECF 3.  Dr. Foor filed a motion to quash the
subpoena on March 20, 2015.  *Dr. John S. Foor, M.D.'s Motion to Quash
or, in the Alternative, to Modify the Second Improper Subpoena Issued
by Carefusion 2200, Inc.* ("*Second Motion to Quash*"), ECF 4.  Dr. Foor
"moves to quash the subpoena because it fails to allow a reasonable
time to comply, imposes an undue burden on him, and, seeks only
duplicative testimony already taken during a nearly seven-hour
deposition which occurred almost nine months ago."  *Id*. at p. 4.
Plaintiff opposes the *Second Motion to Quash*, *Memorandum in Opposition
to Motion of Dr. John S. Foor to Quash Subpoena* ("*Plaintiff's
Response*"), ECF 5, and Dr. Foor has filed a reply.  *Dr. Foor's Reply*,
ECF 6.  This matter is now ripe for consideration.

## I.    Background

Plaintiff deposed Dr. Foor for approximately seven hours on June
17, 2014.  *Second Motion to Quash*, p. 5; *Declaration of Dr. John S.
Foor, M.D.*, ECF 4-3, ¶ 4; *Plaintiff's Response*, p. 2.  Plaintiff and
defendant disagree whether Dr. Foor's prior deposition testimony is
admissible in the TTAB proceeding.  Plaintiff takes the position that
the deposition testimony is admissible under TBMP Rule 704.49(1) as a
discovery deposition of an adverse party.  *Plaintiff's Response*, p. 3
n.6.  Defendant takes the position that Dr. Foor's deposition was that
of a non-officer and may be entered into evidence only upon
stipulation or approval of the Board.  *Id.*; *Second Motion to Quash*,
pp. 5-6, 11-12.

2

Plaintiff asked that defendant stipulate to the admission of Dr. Foor's deposition testimony in the TTAB proceeding, but defendant refused on the basis that it did not have the opportunity to cross-examine Dr. Foor during the discovery deposition. *Second Motion to Quash*, p. 6; *Plaintiff's Response*, p. 3. Plaintiff moved for the admission of Dr. Foor's testimony in the TTAB proceeding and issued subpoenas for Dr. Foor's deposition during plaintiff's 30-day testimony period in the TTAB proceeding, which ended on March 23, 2015. *Second Motion to Quash*, pp. 4-5; *Plaintiff's Response*, p. 3. Plaintiff sought an extension of its testimony period in order to depose Dr. Foor. Defendant has either moved or intends to move to strike Dr. Foor's testimony in the TTAB proceeding. *Second Motion to Quash*, pp. 11-12. Dr. Foor, who is represented by defendant's counsel, filed the *Motion to Quash* and the *Second Motion to Quash* in this action, challenging the subpoenas issued on March 4 and 17, 2015.

## II.   Standard

Under Rule 45 of the Federal Rules of Civil Procedure, parties may command a nonparty to, *inter alia*, attend and testify at a specified time and place. Fed. R. Civ. P. 45(a)(1)(A)(iii); 35 U.S.C. § 24 ("The provisions of the Federal Rules of Civil Procedure relating to the attendance of witnesses . . . shall apply to contested cases in the Patent and Trademark Office."). Rule 45(d)(3)(A) requires that a court quash or modify a subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure

of privileged or other protected matter, if no exception or waiver

applies; or (iv) subjects a person to undue burden."

**III. Discussion**

Dr. Foor argues that the March 17, 2015 subpoena, which scheduled

a deposition on March 23, 2015 beginning at 9:00 a.m., should be

quashed because "it fails to allow a reasonable time to comply,

imposes an undue burden on him, and, seeks only duplicative testimony

already taken during a nearly seven-hour deposition which occurred

almost nine months ago." *Second Motion to Quash*, p. 3.  The subpoena

does not provide a reasonable time to comply, Dr. Foor argues, because

it commanded Dr. Foor to attend a deposition beginning at 9:00 a.m. on

the sixth day (or fourth business day) after the subpoena was served.

According to Dr. Foor, plaintiff knew that Dr. Foor's counsel lives

and works in California and that Dr. Foor's demanding schedule as a

vascular surgeon rendered him unavailable for deposition on March 23,

2015.  *Id*. at pp. 3-4, 9-10.  The subpoena is unduly burdensome, Dr.

Foor contends, because it would require him to cancel appointments and

commitments on short notice, which would risk "his reputation as a

vascular surgeon and unduly burden his busy schedule."  *Id*. at p. 10.

Plaintiff responds that Dr. Foor's testimony is relevant to the

TTAB proceeding, that Dr. Foor's prior deposition testimony is

admissible in the TTAB proceeding, and that plaintiff "had no choice

but to notice the date of Dr. Foor's testimony deposition for a date

within its Testimony Period (which ran from February 20, 2015 through

March 23, 2015), regardless of the fact that [plaintiff] was aware

4

that Dr. Foor was not available during that time." *Plaintiff's Response*, pp. 3-4.  Plaintiff's arguments are not well taken.

Notably, plaintiff does not contend that the March 4, 2015 subpoena was properly issued, nor does it argue that the March 17, 2015 subpoena, which contemplated only three business days between the date of the subpoena and the beginning of the deposition, allowed Dr. Foor a reasonable time to comply. Many federal courts have found similar notice to be inadequate. *See, e.g., Saffady v. Chase Home Fin., Inc.*, No. 10-11965, 2011 WL 717564, at *3 (E.D. Mich. Feb. 22, 2011) (four business days' notice for a deposition in another state is not reasonable); *Brown*, 2011 WL 321139 at *2 ("Federal courts have also found compliance times of eight and seven days not to be reasonable."); *Mem'l Hospice, Inc. v. Norris*, No. 2:08-CV-048, 2008 WL 4844758, at *1 (N.D. Miss. Nov. 5, 2008) (eight days' notice of deposition is not reasonable); *Donahoo v. Ohio Dep't of Youth Servs.*, 211 F.R.D. 303, 306 (N.D. Ohio 2002) ("The Court agrees with Defendant that these subpoenas in fact did not provide for a reasonable time for compliance.  Deponents . . . were served within one week of their deposition dates. . . .  Fed. R. Civ. P. 45(c)(2)(B) sets a reasonable time as fourteen days after service of the subpoena."); *In re Stratosphere Corp. Sec. Litig.*, 183 F.R.D. 684, 687 (D. Nev. 1999) (six days' notice for deposition is not reasonable).  *See also McClendon v. TelOhio Credit Union, Inc.*, No. 2:05-CV-1160, 2006 WL 2380601, at *2 (S.D. Ohio Aug. 14, 2006)(notice of fourteen days is presumptively reasonable). *Accord Brown v. Hendler*, No. 09-CIV-4486,

2:15-mc-00016-EAS-NMK Doc #: 9 Filed: 04/29/15 Page: 6 of 6  PAGEID #: 117

2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011) ("Although Rule 45 does not define 'reasonable time,' many courts have found fourteen days from the date of service as presumptively reasonable.").

Under the circumstances presented in this case, this Court concludes that the March 17, 2015 subpoena failed to provide areasonable time for compliance. This is particularly true because plaintiff knew that Dr. Foor's counsel was out of state and that Dr. Foor was unavailable because of his professional commitments as a vascular surgeon.

Plaintiff appears to argue that the March 17, 2015 subpoena should not be quashed because there is disagreement whether Dr. Foor's prior testimony is admissible in the TTAB proceeding and because the TTAB proceeding required plaintiff to submit Dr. Foor's testimony by March 23, 2015.  However, the issue of admissibility of evidence in the TTAB proceeding is not before this Court. In any event, that issue is irrelevant to this Court's determination that the March 17, 2015 subpoena failed to provide Dr. Foor with a reasonable time to prepare for and comply with the subpoena.[1]

In short, the Court concludes that Dr. Foor's motions to quash, ECF 1, 4, are meritorious. Those motions are therefore **GRANTED**.


April 29, 2015                          *s/Norah McCann King*_____
                                         Norah M^cCann King
                                    United States Magistrate Judge

---

[1] Plaintiff offers no explanation why it failed to notice Dr. Foor's deposition earlier in the testimony period.